

U.S. COURT OF APPEALS
RECEIVED
CLERK
SEP 15 2025
ATLANTA, GA

# UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

**ARI TEMAN,**

Petitioner–Appellant,

v.

**UNITED STATES OF AMERICA,**

Respondent–Appellee.

Case No.  25-12659-CC

ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 25-CV-22543-RAR

District Judge Rodolfo A. Ruiz II

**APPELLANT'S OPENING BRIEF**

Ari Teman, Pro Se

1521 Alton Road #888, Miami Beach, FL 33139

ari@teman.com / 212-203-3714

Dated: August 11, 2025

# TABLE OF CONTENTS

I. Introduction

II. Statement of Jurisdiction

III. Statement of the Issues

IV. Statement of the Case

V. Statement of Facts

VI. Summary of Argument

VII. Standard of Review

VIII. Argument

A. The District Court Erred in Classifying the § 2241 Petition as a § 2255 Motion

B. The Transfer to SDNY Was Improper Because SDFL Has Exclusive Jurisdiction

C. Judge Engelmayer's Conflicts and Retaliatory Conduct Require Recusal

D. National and Religious Leaders Have Condemned This Case, Undermining Confidence in the Judiciary

E. Newly Discovered Venue Evidence Confirms No Essential Conduct Occurred in SDNY

F. Equal Protection: Hernandez's Case Removed, Teman's Retained

G. The "Boat Order" Imposes Impossible, Dangerous, and Religiously

Burdensome Conditions

H. Forcing Return to Supervise Remote Therapy and Online Banking

Violates the First Amendment and Establishment Clause

IX. Conclusion

X. Certificate of Service

XI. Table of Authorities

XII. Appendix

# I. INTRODUCTION

This case is not an ordinary habeas petition. It involves the collision of constitutional protections—religious liberty, due process, and equal protection—with judicial bias and retaliation unprecedented in scope.

The case has drawn national and international condemnation. Dozens of highly-respected Rabbis across the USA and Israel have publicly called the case an antisemetic "major injustice" and called for the SDNY judge to resign (APP P.2) -- he now faces two articles of impeachment. Miami-area rabbis including Rabbi Lipskar have likewise condemned the case (APP P.20). Harvard Professors Alan Dershowitz and Lawrence Lessig and United States Pardon Attorney Edward Martin Jr. have called this a miscarriage of justice, with Martin publicly declaring Petitioner innocent and deserving of a pardon (APP P.25).

The Chief Rabbi of Israel, David Lau, (APP P.17) and the Chief Rabbi of Modiin (APP P.18) issued letters affirming Petitioner's religious obligation to remain in Israel. Engelmayer dismissed the Chief Rabbis' ruling as "bogus," displaying *continued* unconstitutional hostility to religion.

This appeal arises from the denial of Rule 60(b) relief in a habeas action filed under 28 U.S.C. § 2241. Petitioner Ari Teman challenges supervised release conditions enforced by the Southern District of Florida Probation Office and imposed by Judge Paul A. Engelmayer of the Southern District of New York.

**Engelmayer ordered Petitioner to return to the United States "by boat" during an intense and ongoing war. This order is impossible, dangerous, and unconstitutional.** No civilian passenger vessels currently operate from Israel, nor do the limited cargo vessels offer passenger transport; Houthis have attacked ships in the Red Sea and publicly swear to do so to any ship traveling from Israel; They continue to do so, as recently as last week ("Yemen's Iran-aligned Houthis said on Tuesday that they had attacked a ship in the northern Red Sea with two drones and a missile because of its connection to Israel."[1]) and rerouting around Africa would take months, delaying and preventing urgent medical care and preventing Petitioner from attending religious services during significant holidays.

Engelmayer also required Petitioner to return for probation to "monitor" therapy and finances, even though the Probation Officer, Jimmy Wong, confirmed in writing that these could be supervised remotely. Petitioner's therapist is not even located in Florida, so such monitoring is remote regardless of his location. After six years of perfect compliance, forcing Petitioner to relocate solely for remote monitoring imposes an unjustified burden on his free exercise of religion and violates the Establishment Clause.

While the purpose of this § 2241 petition is not to relitigate the conviction itself, the context of Judge Engelmayer's conduct is relevant. His order requiring

---

[1]
https://www.reuters.com/world/middle-east/yemens-houthis-say-they-attacked-ship-northern-red-sea-2025-09-02/

Petitioner to return from Israel to the United States "by boat" was an impossible directive designed to create a technical violation and thereby justify staying all hearings. This scheme served to shield a case that hundreds of experts, community leaders, and thousands of citizens have publicly condemned as a "major injustice."

For more than four years, Engelmayer has refused to consider motions presenting new evidence, relying instead on procedural maneuvers while ignoring the facts—including proof that multiple witnesses colluded to conceal emails and documents with the Government's knowledge and assistance. That misconduct is now on appeal in the Second Circuit, but in a predictable pattern, SDNY moved to stay the appeal immediately after declaring Petitioner in violation of the impossible boat order.

Newly discovered evidence confirms that venue never lay in SDNY. Just last week, former Signature Bank employee Akash Kazi testified in a recorded Zoom proceeding that no essential conduct occurred in SDNY. All relevant acts took place in SDFL, where Petitioner deposited the RCCs, and all decision making by Signature Bank was in EDNY (not SDNY), where Brooklyn staff acted only after the transactions had already cleared. Venue lies solely in SDFL.

Yet by orchestrating an unavoidable violation and then invoking the discretionary "Fugitive Disentitlement Doctrine," Engelmayer has blocked review of these and other pending issues and appeals. Only this Court, the Eleventh

Circuit, can correct the abuse by reversing the impossible probation order, restoring venue to SDFL where it belonged from the outset (though, as every *pro bono* expert has stated publicly, this should never have been a case!), and ensuring Petitioner receives a fair hearing before a judge free from personal and financial conflicts of interest.

The district court erred in reclassifying the petition as § 2255, transferring it to SDNY, and ignoring conflicts, retaliation, and constitutional violations. This Court should reverse, vacate the transfer, and order adjudication of the § 2241 petition in SDFL.

As Professor Lessig stated on TV regarding this case (video at justiceforari.org or https://www.youtube.com/watch?v=fdGBmYq5y7Q ), we are at a time where people are losing faith in the justice system. This Court has it in their hands to restore the faith of the people, including the Rabbis and leaders in the Southern District of Florida, in the American Justice System. I, filing pro se

after spending so much on counsel only to learn they were conflicted[2], pray that you will be brave enough to do the correct and moral thing and move this case to SDFL.

---

## II. STATEMENT OF JURISDICTION

The district court had jurisdiction under 28 U.S.C. § 2241 because the petition challenged the execution of supervised release conditions imposed by the Southern District of Florida Probation Office. This Court has jurisdiction under 28 U.S.C. § 1291 to review the July 31, 2025 final order denying Rule 60(b) relief. The appeal was timely filed under Federal Rule of Appellate Procedure 4(a)(1)(B).

---

[2] Engelmayer hid for 5.5 months that Teman's defense attorney, Noam Biale, retained specifically and exclusively to motion-on and expose prosecutorial disclosure violations, was not only Engelmayer's mentee but is *married to an SDNY prosecutor* with a profound history of disclosure violations. This SDNY wife, Margarete Graham, was right behind Biale during attorney-client Zoom calls during COVID lockdowns and was able to overhear all confidential conversations and could relay them to her team without a paper trail.

Engelmayer has bent and twisted to protect his mentee rather than recuse immediately as he should have -- even after being presented actual evidence of lies and sabotage by Biale, including via a sworn affidavit by attorney Ronald Coleman to whom Biale lied. The mentee lied to pro bono counsel Coleman and Teman about pursuing exculpatory evidence and witnesses.

**Engelmayer is clearly cheating and orchestrating these "stays" to protect his mentee and close personal friend Biale** from damages in litigation (Details at: *Teman v. Biale* (1:25-cv-05454, SDNY)) and this Court must do the right thing and move this case to SDFL -- where it has always belonged.

## III. STATEMENT OF THE ISSUES

1. Did the district court err in classifying Petitioner's § 2241 petition, challenging supervised release conditions, as a § 2255 motion?

2. Was the transfer to SDNY improper, given that SDFL has exclusive jurisdiction over § 2241 petitions?

3. Did the district court err in failing to address Judge Engelmayer's conflicts, retaliatory conduct, and status as a named defendant?

4. Did the district court err in ignoring the DOJ's public position, through Attorney General Bondi and Pardon Attorney Edward Martin Jr., that Engelmayer is unfit and that Petitioner's case is a miscarriage of justice?

5. Did the district court err in failing to consider newly discovered evidence of equal protection violations arising from the Government's transfer of Daniel Hernandez's case out of Engelmayer's courtroom, but not Petitioner's?

6. Does forcing Petitioner to return from Israel to supervise Zoom therapy and online banking violate the First Amendment and Establishment Clause?

7. Does the transfer cause manifest injustice by subjecting Petitioner to impossible, dangerous, and unconstitutional conditions, warranting reversal under Rule 60(b)(6)?

---

## IV. STATEMENT OF THE CASE

On May 2025, Petitioner filed a § 2241 petition in SDFL challenging execution of supervised release conditions imposed by the SDFL Probation Office. On June 18, 2025, the district court reclassified the petition as a § 2255 motion and transferred it to SDNY. Petitioner moved for reconsideration under Rule 60(b), citing jurisdictional error, Engelmayer's conflicts, DOJ positions on his unfitness, and newly discovered evidence of unequal treatment compared to Daniel Hernandez. On July 31, 2025, the district court denied reconsideration. Petitioner timely appeals.

---

## V. STATEMENT OF FACTS

- Petitioner filed a § 2241 petition challenging the execution of supervised release conditions, including impossible boat travel, denial of medical care, and retaliatory probation actions.

- ENT specialists confirmed Petitioner cannot safely fly due to severe Eustachian Tube Dysfunction. SDNY's own paid expert admitted he could not contradict these findings. ENT specialists confirmed urgent surgeries are required if steroid treatments do not work (which they are not -- Teman experiences severe pain during bomb shelter periods where the positive pressure filtration systems are activated). All experts agreed Petitioner should not fly.

- The Chief Rabbi of Israel, David Lau, and the Chief Rabbi of Modiin affirmed Petitioner's religious obligation to reside in Israel. Miami rabbis, including Rabbi Lipskar, also demanded relief. Engelmayer dismissed the Rabbis ruling as "bogus."

- Probation itself confirmed it could monitor therapy and finances remotely. Petitioner's therapist is not in Florida, meaning all monitoring would occur online regardless of Petitioner's location.

- Petitioner has been violation-free for six years.

- National attention has condemned the case: rabbis, legal scholars, and the U.S. Pardon Attorney all declared it unjust.

- Akash Kazi, a former Signature Bank employee, confirmed no essential conduct occurred in SDNY. RCCs were deposited in Florida and discretionary actions occurred in Brooklyn. Venue lies only in SDFL.

- No passenger vessels operate from Israel; Houthis attack shipping; rerouting around Africa would take months, preventing medical care and religious practice.

- Engelmayer's mentee and Engelmayer are defendants in *Teman v. Biale (1:25-cv-05454) (SDNY)* for hiding that defense attorney Noam Biale, was Engelmayer's mentee and was (at the time of trial and post-trial motions and remains) married to SDNY prosecutor AUSA Margarette Graham -- who has a profound history of willful disclosure violations (*US v Pizzaro, US v Ahuja, etc*) to the point Judge Alison J. Nathan threatened her and her team with sanctions for further abuses. For this reason, Engelmayer abuses the *discretionary* Fugitive Disentitlement Doctrine to shield himself and his

friends from sanctions and litigation (for which he was also forewarned with a draft suit in early settlement discussions). Engelmayer is deeply conflicted and seeking to cause physical, mental, and financial harm to Teman by forcing him onto a boat for months and, really, by orchestrating an impossible-to-avoid violation.

## VI. SUMMARY OF ARGUMENT

The district court abused its discretion by misclassifying the petition as § 2255 and transferring it to SDNY. Jurisdiction lies exclusively in SDFL. Judge Engelmayer's conflicts, retaliation, and hostility to religion require recusal. Venue lies only in SDFL, confirmed by new evidence. Equal protection was violated when Daniel Hernandez's case was removed or attempted to be removed from SDNY to SDFL while Petitioner's was retained in SDNY. Forcing Petitioner to return for remote supervision violates the First Amendment and Establishment Clause. The "boat order" is impossible, dangerous, and retaliatory. Engelmayer is cheating, forcing an impossible-to-avoid violation with an impossible "boat order" to protect his mentee Biale from litigation.

## VII. STANDARD OF REVIEW

Denial of Rule 60(b) relief is reviewed for abuse of discretion. Jurisdictional

questions and constitutional claims are reviewed de novo. See Cano v. Baker, 435

F.3d 1337, 1342 (11th Cir. 2006); McCarthan v. Dir. of Goodwill Indus.-Suncoast,

Inc., 851 F.3d 1076, 1083 (11th Cir. 2017).

---

## VIII. ARGUMENT

### A. The District Court Erred in Classifying the § 2241 Petition as a § 2255 Motion

Section 2241 governs challenges to the manner, location, or conditions of

supervised release. Section 2255 governs challenges to the sentence itself.

See McCarthan, 851 F.3d at 1092. Petitioner does not seek to vacate his

conviction but challenges execution of conditions. Misclassification was

error.

### B. The Transfer to SDNY Was Improper Because SDFL Has Exclusive Jurisdiction

A § 2241 petition must be filed in the district of confinement. Rumsfeld v.

Padilla, 542 U.S. 426, 443 (2004). Petitioner's custodian is SDFL

probation, not SDNY. Transfer was improper.

## C. Judge Engelmayer's Conflicts and Retaliatory Conduct Require Recusal

Judge Paul A. Engelmayer's impartiality is reasonably in question, mandating recusal under **28 U.S.C. § 455(a)**. *See* **Liljeberg v. Health Servs. Acquisition Corp.**, 486 U.S. 847, 860-61 (1988). Engelmayer is a named defendant in this case (*Teman v. Probation*, Case No. 25-CV-22543-RAR) and *Teman v. Biale* (Case No. 1:25-cv-05454-LTS, Dkt. 1), where he allegedly concealed defense counsel Noam Biale's marriage to AUSA Margaret Graham and engaged in ex parte communications (*Teman v. Biale*, Dkt. 1 at 2-4).

Engelmayer faces two articles of impeachment (H.Res. 143, 145, 119th Cong. (2025-2026)) (*United States v. Teman*, Case No. 1:19-cr-00696-PAE, Dkt. 568 at 3), and his retaliatory "boat order" [ECF No. 11, Ex. D]—designing an impossible violation to invoke the fugitive disentitlement doctrine—violates due process. *See* **United States v. Bescond**, 2021 WL 4481483, at *5 (2d Cir. 2021).

While this Court lacks direct authority to order Engelmayer's recusal, as he presides in the Southern District of New York under the Second Circuit's jurisdiction, it can address this conflict by reversing the district court's transfer order [ECF No. 9] and remanding to SDFL with instructions to notify the Second Circuit Judicial Council of the apparent bias. *See* **28 U.S.C. § 351-354**.

The district court's failure to consider these conflicts [ECF No. 12] was an abuse of discretion, warranting reversal.

## D. National and Religious Leaders Have Condemned This Case

Israel Chief Rabbi David Lau and the Chief Rabbi of Modiin affirmed Petitioner's religious obligations. Engelmayer dismissed Lau's ruling as "bogus," reflecting hostility prohibited by the Free Exercise Clause. See Church of Lukumi Babalu Aye v. City of Hialeah, 508 U.S. 520, 533–34 (1993). Rabbis, scholars, and the U.S. Pardon Attorney have condemned the case, undermining confidence in SDNY's legitimacy.

## E. Newly Discovered Venue Evidence Confirms Venue Lies in SDFL

Venue lies only where essential conduct occurred. United States v. Cabrales, 524 U.S. 1, 6–7 (1998); United States v. Rodriguez-Moreno, 526 U.S. 275, 279 (1999). Akash Kazi confirmed all essential acts occurred in Florida or Brooklyn, not SDNY. Venue lies in SDFL.

## F. Equal Protection

The Government's disparate treatment of Petitioner and Daniel Hernandez (aka Tekashi 6ix9ine) violates the Fifth Amendment's equal protection principles. A hearing in the Southern District of New York, confirmed that the Government sought to transfer Hernandez's case from

Judge Paul Engelmayer's courtroom in the Southern District of New York (SDNY) to SDFL.

This hearing occurred after the district court's initial Order of Transfer [ECF No. 9] on June 18, 2025, and was not considered in the denial of Petitioner's Rule 60(b) motion [ECF No. 12] on July 31, 2025.

Petitioner, a Jewish defendant with a case also before Engelmayer, remains subject to the same unfit tribunal in the incorrect jurisdiction, despite raising identical concerns in this § 2241 petition and *Teman v. Biale* (Case No. 1:25-cv-05454-LTS).

Under **Bolling v. Sharpe**, 347 U.S. 497, 499 (1954), and **City of Cleburne v. Cleburne Living Ctr.**, 473 U.S. 432, 439-40 (1985), similarly situated individuals must be treated alike absent a rational basis. Petitioner and Hernandez are similarly situated, as both faced Engelmayer's jurisdiction, both were supervised by SDFL Probation, and the Government acknowledges Engelmayer's unfitness through the Executive Branch's and DOJ official's statements, and SDFL's actions in *United States v. Jones* show that the Government sought to move Hernandez's case to SDFL due to his being supervised there (*Teman*, Dkt. 568 at 3).

The Government has offered no justification for affording Hernandez relief while denying Petitioner the same, suggesting impermissible

discrimination based on religion, public profile, or other suspect factors. *See* **Yick Wo v. Hopkins**, 118 U.S. 356, 373-74 (1886).

This new evidence, unavailable before the district court's initial ruling, warrants relief under **Federal Rule of Civil Procedure 60(b)(2)**. The district court's failure to address this constitutional violation, despite its presentation in the Motion for Reconsideration [ECF No. 11], was an abuse of discretion. *See* **United States v. Simms**, 385 F.3d 1347, 1355 (11th Cir. 2004).

Accordingly, Petitioner respectfully requests that this Court order the Government to submit a written response, after conferring with Attorney General Bondi, explaining the rational basis for transferring Hernandez's case to SDFL while opposing the same for Petitioner. Absent such a response within 14 days of this Court's order, the appeal should be treated as unopposed, and the district court's order [ECF No. 12] reversed.

## G. The "Boat Order" Is Impossible, Dangerous, and Religiously Burdensome

Engelmayer's order requires Petitioner to take a non-existent boat, despite expert medical orders that Petitioner cannot fly. All experts, including SDNY's own, agreed he should not fly. This order is impossible to perform and endangers Petitioner's life, violating due process. See United States v. Bayless, 201 F.3d 116, 127 (2d Cir. 2000). Denial of

medical care violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104–05 (1976).

Further, preventing Petitioner from praying with a minyan and attending services over the Jewish Sabbath, and even New Year and Yom Kippur (as such a months-long boat trip would require, burdens free exercise rights.

## H. Forcing Return to Supervise Remote Therapy and Online Banking Violates the First Amendment and Establishment Clause

Probation confirmed therapy and finances can be monitored remotely. Petitioner's therapist is not located in Florida. Monitoring is remote regardless of his location. Petitioner has not violated once in six years. Forcing relocation solely to burden his religious obligations violates the Free Exercise Clause and displays hostility to religion, contrary to Masterpiece Cakeshop v. Colo. C.R. Comm'n, 138 S. Ct. 1719, 1731 (2018). The Establishment Clause prohibits government disdain for religious authorities, yet Engelmayer dismissed the Chief Rabbi of Israel's ruling as "bogus."

---

## IX. Request to Consider Appeal on the Original Record Without an Appendix or for an additional 30 days to prepare Appendix

While the Appellant endeavors to prepare a proper Index, this is an exceptionally difficult task for any non-attorney / non-paralegal. The defendant therefore motions herein for the Court to either (a) consider the Appeal on the Record, or in the alternative (b) to allow the Appellant an additional 30 days to prepare the Appendix.

However, it should be clear to the Court that an order to take a boat from Israel to the USA during a war when no such boats exist and Houthis are firing on boats is unconstitutional regardless of an index.

## X. CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court:

1. Reverse the district court's order denying Rule 60(b) relief [ECF No. 12];

2. Vacate the Order of Transfer [ECF No. 9] and return jurisdiction to SDFL;

3. Instruct SDFL to notify the Second Circuit Judicial Council of Judge Engelmayer's apparent conflicts under **28 U.S.C. § 351-354**, or suggest Petitioner file a mandamus petition with the Second Circuit to compel recusal under **28 U.S.C. § 1651**;

4. Require the Government to submit a written response, after conferring with Attorney General Pamela Bondi, explaining the rational basis for transferring Daniel Hernandez's case to SDFL while opposing the same for Petitioner, with a deadline of 14 days from this Court's order, or treat the appeal as unopposed if no response is provided;

5. Remand for adjudication of the § 2241 petition's merits in SDFL; and

6. Grant such other relief as the Court deems just.


Respectfully submitted,

/s/ Ari Teman

Ari Teman, Pro Se

Dated: August 11, 2025,

Tel Aviv, Israel

## X. CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2025, I served the foregoing by the method

required under Eleventh Circuit rules upon counsel for the United States,

including via USPS Mail, email, and by filing via the Clerk to ECF.

/s/ Ari Teman

# XI. TABLE OF AUTHORITIES

## Cases

- Church of Lukumi Babalu Aye v. City of Hialeah, 508 U.S. 520 (1993)

- City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432 (1985)

- Employment Div. v. Smith, 494 U.S. 872 (1990)

- Estelle v. Gamble, 429 U.S. 97 (1976)

- Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988)

- Masterpiece Cakeshop v. Colo. C.R. Comm'n, 138 S. Ct. 1719 (2018)

- McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017)

- Rumsfeld v. Padilla, 542 U.S. 426 (2004)

- United States v. Bayless, 201 F.3d 116 (2d Cir. 2000)

- United States v. Cabrales, 524 U.S. 1 (1998)

- United States v. Rodriguez-Moreno, 526 U.S. 275 (1999)

## Statutes and Rules

- 28 U.S.C. § 2241

- 28 U.S.C. § 2255

- 28 U.S.C. § 455

- 28 U.S.C. § 1291

- Fed. R. App. P. 4(a)(1)(B)

## XII. APPENDIX (Table of Contents)

| Item | Page |
|---|---|
| A. Religious Leaders' Letters | 1 |
| A.1 24 Rabbis condemning Engelmayer's anti-semitic injustice and demanding recusal | 2 |
| A.2 Israel Chief Rabbi David Lau affirming Petitioner's obligation to remain in Israel | 17 |
| A.3 Chief Rabbi of Modiin – supporting Petitioner's continued residence in Israel | 18 |
| A.4 Video of rabbis, community leaders, legal experts, and family supporting pardon | 20 |
| B. National Commentary | 21 |
| B.1 Statement by Professor Alan Dershowitz condemning proceedings | 22 |
| B.2 Statement by Professor Lawrence Lessig condemning proceedings | 23 |
| B.3 Public statements by U.S. Pardon Attorney Edward Martin Jr. declaring Petitioner innocent and calling for pardon | 25 |
| C. Expert Testimony | 26 |
| C.1 ENT specialist's diagnoses confirming Eustachian Tube Dysfunction and no-fly orders | 27 |
| C.1a Doctor Letter regarding Eustachian Tube ET Function test - source Hebrew and English | 28 |
| C.1b Doctor Letter regarding Eustachian Tube ET Function test - English discussion | 30 |

C.2 Engelmayer's order confirming the Government's own    32
expert did not contradict the no-fly recommendation of
Teman's specialists and Engelmayer ordering Teman to take
a boat to the USA

D. Venue Evidence    40

D.1 Transcript of statements by Akash Kazi, former    41
Signature Bank employee, confirming no essential conduct
occurred in SDNY. The financial transfers were completed
before any review (and review decisions were made in
EDNY, not SDNY)

D.2 Rule 60(b) motion in Stayed SDNY case arguing venue    60
must be SDFL anyway

D.3 Letter of Shelly Jenkins Pecot to Engelmayer    73
confirming two of the Government witnesses hid evidence
and were aware of the terms and fees Teman drafted

D.4 Docket 295 outlining how SDNY Prosecutors enabled    75
and encouraged their witnesses to hide exculpatory evidence

D.5 Affirmation of Ronald Coleman as to Engelmayer's    98
mentee, Biale lying to him and Teman about collecting
exculpatory evidence

E. Procedural Record    100

E.1 District court transfer order of June 18, 2025    101

E.2 District court denial of Rule 60(b) relief on July 31,    108
2025



ARITEMAN & LYLI
0017117183275
130 E NW 10TH TER
MIAMI FL 30182-2040

1.0 LBS LTR          1 OF 1

SHIP TO:
US COURT OF APPEALS
USCA
56 FORSYTH ST NW
ATLANTA GA 30303-2295

GA 303 9-02

**UPS 2ND DAY AIR**
TRACKING #: 1Z J86 F66 02 0266 5246

2

BILLING: 3RD PARTY

mailing_label_ca11_a....

11:45

5G