# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

**Case No. 25-12659-CC**

**Ari Teman,**
    Petitioner–Appellant,

v.

**United States of America, et al.,**
    Respondents–Appellees.

U.S. COURT OF APPEALS
RECEIVED
CLERK
OCT 0 1 2025

---

## MOTION TO REINSTATE APPEAL

### Introduction

Appellant Ari Teman respectfully moves under Eleventh Circuit Rule 42-2 for emergency reinstatement of this appeal. The Court dismissed the case on September 22, 2025, citing failure to file the Certificate of Interested Persons and Corporate Disclosure Statement (CIP).

In reality, Appellant timely complied: the *Notice of Interested Parties* (NIP, CIP equivalent) was **entrusted to a courier on August 29, 2025 (EXBIBIT A)**, and was both **mailed and hand-delivered to the Southern District of Florida Clerk on or about September 1, 2025**.

Following this, noting the lack of update to the docket on PACER, the Appellant entrusted the full Appeal, together with an updated N*otice of Interested Parties*, to the same Courier, **together with a tracked shipping label.** The filing also contained a Certificate of Service.

Despite these steps, the Notice was never docketed, creating the false appearance of noncompliance.

Appellant further **emailed the Clerk of the Court to report that multiple mailed filings — including the Appendix, Certificates of Service, and the Notice of Interested Parties — were missing from ECF.** Tracking software (Yesware) confirms the Clerk opened this email, but no reply was

ever received. Instead, on **Rosh Hashanah, a Jewish holy day when Appellant could not respond**, the Clerk unilaterally dismissed the case.

---

## Procedural Background

1. On **August 29, 2025**, Appellant gave the Notice of Interested Parties (EXHIBIT A) to a courier for delivery and was told it would be mailed and delivered to the Clerk the first business day:



2. On or about **September 2, 2025**, the Notice was mailed by the courier and then hand-delivered to the Clerk of Court in Miami.

3. The Notice contained a Certificate of Service confirming timely preparation and service.

4. On or about September 10th, Appellant provided the full appeal, appendix, and updated Notice of Interested Parties to the Courier, together with a tracked shipping label.

5. After noticing that ECF omitted several documents from his mailed submissions, Appellant emailed the Clerk to notify them. The email was opened, but no response was provided.

6. On **September 22, 2025 — during Rosh Hashanah** — the appeal was dismissed for failure to prosecute. See **Exhibit B**.

---

**Argument**

**1. The Notice Was Timely Filed.**

Delivery to the courier on August 29 and to the Clerk on September 1 satisfies filing requirements. Under principles of substantial compliance and the reasoning in *Houston v. Lack*, 487 U.S. 266 (1988), the filing was effective upon delivery for transmission. Furthermore, the updated filings were also timely mailed with tracked mailing.

**2. Clerk Error, Not Party Default.**

The failure to docket the Notice was administrative. Appellant even emailed the Clerk to flag the missing entries. The email was opened but ignored, and instead of correcting the docket, the Clerk dismissed the case during a religious holiday when Appellant could not respond.

**3. Alternatively, Any Delay Constitutes Excusable Neglect.**

Even if delivery were deemed technically late, reinstatement is still warranted:

- Fed. R. App. P. 26(b) permits extensions for good cause.

- Appellant acted diligently and in good faith.

- No prejudice resulted to the Government.

- By contrast, in *United States v. Teman*, the Government has been repeatedly excused from deadlines and granted extensions. Denying the same fairness to a pro se litigant is inequitable.

## 4. Civil Rights Issues at Stake.

This appeal raises substantial civil rights claims. Allowing dismissal based on clerical mishandling — particularly when entered on a Jewish holy day to the prejudice of a Jewish defendant — denies equal justice and shields serious constitutional questions from review.

## 5. Rule 42-2 Standard Is Met.

Reinstatement is proper where the deficiency is cured or shown not to exist. Here, Appellant complied; the deficiency was an illusion caused by clerical error.

---

## Relief Requested

For the foregoing reasons, Appellant respectfully requests that the Court:

1. Vacate the September 22, 2025 dismissal order;

2. Reinstate the appeal in Case No. 25-12659-CC; and

3. Order the Clerk to ensure Appellant can file via ECF himself, as he can in United States v Teman (SDNY) via the same username and email (ari@teman.com).

   (All parties should have the same access, and in 2025 it is absurd to suggest that one party must mail or hand-deliver documents while another can upload via web form without a special order, even though this is something millions of civilians do on a daily basis on many websites. The Court should respectfully update its rules to allow all parties default electronic filing rights upon submission of a case or appeal to ensure equal access to justice and

transparency.)

4. Grant such other relief as may be just and proper.

---

Respectfully submitted,

Dated: September 26, 2025
Tel Aviv, Israel

s/ **Ari Teman**
Appellant, Pro Se
1521 Alton Road #888
Miami Beach, FL 33139

---

**Exhibits**

- **Exhibit A:** Notice of Interested Parties
- **Exhibit B:** Notice of Interested Parties (Updated)

- **Exhibit C:** Declaration of Ari Teman (detailing courier, mail, email to Clerk, and timing of dismissal).

- **Exhibit D:** The Appeal Appendix

**Case No. 25-12659-CC**

**Ari Teman,**
    Petitioner–Appellant,

v.

**United States of America, et al.,**
    Respondents–Appellees.

---

# DECLARATION OF ARI TEMAN

I, Ari Teman, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1. I am the Petitioner–Appellant in this matter.

2. On **August 29, 2025**, I entrusted my original *Notice of Interested Parties and Corporate Disclosure Statement* (EXHIBIT A) to a courier for delivery and was told it was being printed and mailed and would be hand-delivered that Monday or Tuesday:



Teman – Notice of Interested Parties.pdf
98 KB, Adobe Acrobat Document

Open          Save as...

Just in case I cannot e-file it, this is what I need to bring to the clerk          4:05 PM

Same place right?          4:09 PM

Yes, same UPS store and same clerk          4:10 PM

can wait until Tues I think          4:12 PM

I'm printing the documents right now.

Monday I'll go or Tuesday morning on my way to MB.          4:12 PM

Yes, same UPS store and same clerk

UPS? Do you need me to go first to your box?          4:13 PM

Next week is better so there's time for mail to arrive          4:15 PM

Okay.          4:18 PM

9/1/2025

Labor Day September 1st.          1:37 AM

3. On or about **September 2, 2025,** I via the courier (who resides in Miami, Florida, as I am currently in Israel) both mailed and hand-delivered the same filing to the Clerk of the United States District Court for the Southern District of Florida in Miami.

4. The Notice included a Certificate of Service, and copies were also served on the United States Attorney's Office.

5. I reimbursed the courier electronically for multiple printing and mailing costs, such that there is a clear record of good faith compliance.

6. Despite my timely compliance, the Notice was never docketed by the Clerk.

7. On or about September 9, 2025, I sent the Courier the full appeal, together with an updated Notice of Interested parties (EXHIBIT B).

8. After noticing that multiple filings from my mailed submissions were missing from the district court's electronic docket (including the Appendix, Certificates of Service, and the Notice of Interested Parties), I **emailed the Clerk of the Court to alert them of the omissions.**

9. My email to the Clerk was **opened,** as confirmed by Yesware email tracking software, but I never received any reply.

10. Instead of correcting the docket, on **September 22, 2025 — Rosh Hashanah, a Jewish holy day when I could not respond — the Clerk unilaterally dismissed the appeal for want of prosecution.**

11. In *United States v. Teman,* the Government has repeatedly been excused for missed deadlines and granted extensions. By contrast, my timely filings were disregarded due to clerical error, and my appeal was dismissed on a well-known religious holiday that prevented me from responding.

12. This dismissal unfairly deprives me of the opportunity to have my serious civil rights claims heard on the merits.

---

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on September 26, 2025, in Tel Aviv, Israel.

s/ **Ari Teman**
Ari Teman

Case No.: NO. 25-12659-C

**Ari Teman,**
 Appellant,

-v.-

**United States of America,**
 Appellee.

---

## NOTICE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Local Rule 26.1 of the United States Court of Appeals for the Second Circuit, Appellant **Ari Teman** hereby submits the following list of all persons, judges, attorneys, officers, and entities known to have an interest in the outcome of this case:

### Individuals

1. **Teman, Ari** – Appellant.

2. **Paul A. Engelmayer** – Judge, U.S. District Court, Southern District of New York.

3. **Laura Taylor Swain** – Chief Judge, U.S. District Court, Southern District of New York.

4. **Rodolfo A. Ruiz, II** – Judge, U.S. District Court, Southern District of Florida.

5. **Jimmy Wong** – United States Probation Officer.

6. **Michael S. Davis** – Counsel/related party.

7. **David J. Joffe** – Counsel/related party.

8. **Daniel Matzkin** – Chief, Appellate Division, U.S. Attorney's Office (11th Cir.).

9. **Hayden P. O'Byrne** – Assistant U.S. Attorney, Southern District of Florida.

10. **Harmeet K. Dhillon** – Deputy Assistant Attorney General, Civil Rights Division, U.S. Department of Justice.

11. **Edward Martin Jr.** – United States Pardon Attorney.

12. **Noam Biale** – related party

13. **Catherine O'Hagan Wolfe** – Clerk of Court, U.S. Court of Appeals for the Second Circuit.

## Entities

14. **Friend or Fraud Inc.** – Parent company.

15. **GateGuard Inc.** – Subsidiary of Friend or Fraud Inc.

16. **Bank of America** (publicly traded).

17. **Berkshire Hathaway** (publicly traded).

18. **Amazon.com, Inc.** (publicly traded).

---

## Corporate Disclosure

Counsel further certifies that, to the best of his knowledge, the publicly traded companies with a potential interest in the outcome of this appeal include **Bank of America, Berkshire Hathaway,** and **Amazon.com, Inc.**

---

**Respectfully submitted,**

Dated: 2025-08-29
Miami Beach, Florida

**s/Ari Teman/**
Appellant, Pro Se
1521 Alton Road #888
Miami Beach, FL 33139

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**Case No.: NO. 25-12659-C**

**Ari Teman,**
 Appellant,

-v.-

**United States of America,**
 Appellee.

**Certificate of Service**

I hereby certify that on 2025-08-29, I caused the foregoing **Notice of Interested Parties and Corporate Disclosure Statement** to be served by U.S. Mail and via filing via the Clerk's office to ECF on the following:

**U.S. Attorney's Office – Southern District of Florida**
Attn: Hayden P. O'Byrne, Assistant U.S. Attorney
99 N.E. 4th Street
Miami, FL 33132

Dated: 2025-08-29
 Miami Beach, Florida

**s/Ari Teman/**
 Appellant, Pro Se
 1521 Alton Road #888
 Miami Beach, FL 33139

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**Ari Teman,**
Appellant,

-v.-

**United States of America,**
Appellee.

---

## NOTICE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Local Rule 26.1 of the United States Court of Appeals for the Second Circuit, Appellant **Ari Teman** hereby submits the following list of all persons, judges, attorneys, officers, and entities known to have an interest in the outcome of this case:

### Individuals

1. **Teman, Ari** – Appellant.

2. **Paul A. Engelmayer** – Judge, U.S. District Court, Southern District of New York.

3. **Laura Taylor Swain** – Chief Judge, U.S. District Court, Southern District of New York.

4. **Rodolfo A. Ruiz, II** – Judge, U.S. District Court, Southern District of Florida.

5. **Jimmy Wong** – United States Probation Officer.

6. **Michael S. Davis** – Counsel/related party.

7. **David J. Joffe** – Counsel/related party.

8. **Daniel Matzkin** – Chief, Appellate Division, U.S. Attorney's Office (11th Cir.).

9. **Hayden P. O'Byrne** – Assistant U.S. Attorney, Southern District of Florida.

10. **Harmeet K. Dhillon** – Deputy Assistant Attorney General, Civil Rights Division, U.S. Department of Justice.

11. **Edward Martin Jr.** – United States Pardon Attorney.

12. **Noam Biale** – related party

13. **Catherine O'Hagan Wolfe** – Clerk of Court, U.S. Court of Appeals for the Second Circuit.

14. **Alan Dershowitz** - Pro Bono Counsel

15. **Ron Coleman** - Pro Bono Counsel

16. **Lawrence Lessig** - Pro Bono Counsel

17. **Rabbi David Lau** - Chief Rabbi of Israel

18. **Rabbi Reuben Koolyk, Esq.,** MD, Yeshiva University

19. **Rabbi Andrew Schein**, Yeshiva University

20. **Rabbi Sidney Slivko,** Yeshiva University

21. **Rabbi Jeffrey Shron,** Kehilath Israel, Kansas City (ret)

22. **Rabbi Zvi Karpel,** Chaplain (ret) Daughters of Israel, West Orange, NJ.

23. **Rabbi Chezky Wolff,** The Chelsea Shul

24. **Rabbi Shmuel Druin LCSW,** Chaplain, North Miami Police Dept.

25. **Rabbi Eitan Webb,** Princeton University

26. **Rabbi Yonah Blum,** Columbia University

27. **Rabbi Chayim B. Alevsky,** Chabad Family Programs, NYC

28. **Rabbi Ephraim Simon,** Friends of Lubavitch of Bergen County

29. **Rabbi Levi Teldon,** Alamo Chabad

30. **Rabbi Mendy Krinsky,** Chabad Jewish Center Needham

31. **Rabbi Moshe Z. Schapiro,** Chabad of Hoboken

32. **Rabbi Aryeh Weil,** Congregation Bnai Yeshurun, Teaneck (ret)

33. **Rabbi Yakov Florans,** YEHUDI

34. **Rabbi Zev Katz,** Miami Beach Chabad

35. **Rabbi Yakov Bankhalter,** Chabad Loft

36. **Rabbi Moishe Korf,** Chabad of Miami Gardens

37. **Rabbi Eliezer Tewel,** Chabad Israeli Center

38. **Rabbi Moshe Klar,** JETS, Beis Menachem

39. **Rabbi Yossi Smierc,** KSPACE

40. **David Teman,** father

41. **Suzan Teman,** mother

42. **Tzahala Teman,** extremely codependent toy australian shepherd


## Entities

14. **Friend or Fraud Inc.** – Parent company.

15. **GateGuard Inc.** – Subsidiary of Friend or Fraud Inc.

16. **Bank of America** (publicly traded).

17. **Berkshire Hathaway** (publicly traded).

18. **Amazon.com, Inc.** (publicly traded).

---

**Corporate Disclosure**

Counsel further certifies that, to the best of his knowledge, the publicly traded companies with a potential interest in the outcome of this appeal include **Bank of America, Berkshire Hathaway**, and **Amazon.com, Inc.**

---

**Respectfully submitted,**

Dated: 2025-09-10
Miami Beach, Florida

**s/Ari Teman/**
Appellant, Pro Se
1521 Alton Road #888
Miami Beach, FL 33139

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**Case No.: NO. 25-12659-C**

**Ari Teman,**
 Appellant,

-v.-

**United States of America,**
 Appellee.

**Certificate of Service**

I hereby certify that on 2025-08-29, I caused the foregoing **Notice of Interested Parties and Corporate Disclosure Statement** to be served by U.S. Mail and via filing via the Clerk's office to ECF and via email on the following:

**U.S. Attorney's Office – Southern District of Florida**
Attn: Hayden P. O'Byrne, Assistant U.S. Attorney
99 N.E. 4th Street
Miami, FL 33132

Dated: 2025-09-10
Miami Beach, Florida

**s/Ari Teman/**
 Appellant, Pro Se
 1521 Alton Road #888
 Miami Beach, FL 33139

ARI TEMAN & LYLI
0017817183375
12674 NW 10TH TER
MIAMI FL 33182-2040

**0.1 LBS LTR**   **1 OF 1**

SHIP TO:
CLERK, US COURT OF APPEALS
7865554312
US COURT OF APPEALS
56 FORSYTH ST NW
**ATLANTA  GA  30303-2218**

U.S. COURT OF APPEALS
RECEIVED
CLERK
OCT 31 2025
ATLANTA, GA

**GA 303 9-02**

**UPS 2ND DAY AIR**                    **2**
TRACKING #: 1Z J86 F66 02 0800 5055

BILLING: 3RD PARTY

XOL 25.08.06     NV45 39.0A 09/2025®     ™